# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMIE L. NICOLAI,

      Petitioner,

v.                                          Case Nos. 22-CV-561 and 22-CV-562

STATE OF WISCONSIN,

      Respondent.

## RULE 4 ORDER RECOMMENDING DISMISSAL OF PETITION[1]

      Jamie L. Nicolai was convicted of second-degree recklessly endangering safety and substantial battery – intend bodily harm in Milwaukee County Case No. 2015CF5443. (Docket # 1.) She was convicted of disorderly conduct and felony bail jumping in Milwaukee County Case No. 2017CF1064. (*Id.*) Nicolai is currently on active community supervision, with a maximum discharge date of February 10, 2023. Wisconsin Department of Corrections, Offender Search, Jamie L. Nicolai, https://appsdoc.wi.gov/lop/home.do (last visited May 19, 2022). Nicolai, representing herself, filed two cases in federal court. (Case No. 22-CV-561 and Case No. 22-CV-562.) Nicolai seeks leave to proceed without prepaying the filing fee in both cases.

      In Case No. 22-CV-561, Nicolai filed a document she called a "petition for writ of habeas corpus" and references her two Milwaukee County cases cited above. (Docket # 1 at 1 in Case No. 22-CV-561.) In her petition, Nicolai stated that she was petitioning the United

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petitions. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

States Supreme Court for a writ of habeas corpus to require the Milwaukee County Court and the State of Wisconsin to certify to this Court the proceedings related to withheld information and testimony that will prove that she was unjustly incarcerated for six years. (*Id.*) In Case No. 22-CV-562, Nicolai filed a nearly identical document; however in this case she entitled the document "petition for writ of certiorari" and stated that she was petitioning the United States Supreme Court for a writ of certiorari to require the Milwaukee County Court and the State of Wisconsin to certify to this Court the proceedings related to withheld information and testimony that will prove that she was unjustly incarcerated for six years. (Docket # 1 at 1 in Case No. 22-CV-562.)

Although Nicolai is not currently incarcerated, "it has been settled for some time now that a person out on bail is still in custody for purposes of the habeas corpus statute." *Reimnitz v. State's Att'y of Cook Cnty.*, 761 F.2d 405, 408 (7th Cir. 1985). As such, in a Text Only Order dated May 13, 2022 filed in both cases, I ordered Nicolai to file an amended habeas petition on the court approved forms for 28 U.S.C. § 2254 petitions no later than June 5, 2022. On May 18, 2022, Nicolai filed a response in both cases stating that she would not be using the § 2254 habeas form as she is on state community supervision and thus is not a person in state custody. (Docket # 4 in Case No. 22-CV-561 and Docket # 4 in Case No. 22-CV-562.) She further stated that her request for relief does not fall under § 2254 because she is not "being legally restrained or going against my state community supervision rules." (*Id.*)

In an Order dated May 20, 2022, I found that given Nicolai's clarification that she was *not* pursuing relief under § 2254, it was entirely unclear the basis of her two lawsuits. (Docket # 5 in Case No. 22-CV-561 and Docket # 5 in Case No. 22-CV-562.) In both petitions, she addresses her request to the Supreme Court, asking it to require the state court to certify to

2

this Court proceedings related to her two underlying state court convictions. (Docket # 4 in Case Nos. 22-CV-561 and 22-CV-562.) I noted that there is no such procedure to effectuate Nicolai's request. However, I found that reading Nicolai's petition broadly, it appeared that she was, indeed, challenging her state court conviction. Nicolai listed the following "violation of rights" in her petitions, some of which may be cognizable under § 2254:

- abuse of power
- court misconduct
- corruption
- failure to investigate
- failure to produce evidence
- failure to produce witnesses
- prosecutor misconduct
- right to a speedy trial
- self-defense
- trial ineffectiveness
- withheld evidence
- failure to let defendant testify at trial
- reverse motions to suppress evidence

(Docket # 1 at 1–2 in Case Nos. 22-CV-561 and 22-CV-562.) I noted that certain of Nicolai's claims, such as ineffective assistance of counsel and violation of speedy trial rights, are generally cognizable under § 2254. (Docket # 4 in Case Nos. 22-CV-561 and 22-CV-562.) Certain others, however, such as reversal of a state court decision to grant a motion to suppress, generally are not cognizable under federal habeas law. *See Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("[E]rrors of state law in and of themselves are not cognizable on habeas review.").

I instructed Nicolai that to the extent she does seek to challenge her underlying state court convictions, she must allege that her custody violates the Constitution or law or treaties of the United States, *see* 28 U.S.C. § 2254(a), and prior to bringing the § 2254 habeas petition in federal court, she must exhaust the remedies available to her in state court, § 2254(b)(1)(A).

(Docket # 4 in Case Nos. 22-CV-561 and 22-CV-562.) Exhaustion serves an interest in federal-state comity by giving state courts the first opportunity to address and correct potential violations of a prisoner's federal rights. *Perruquet*, 390 F.3d at 513. However, "[f]or that opportunity to be meaningful, the petitioner must fairly present to each appropriate state court his constitutional claims before seeking relief in federal court." *Id.*

I allowed Nicolai an additional opportunity to file amended petitions and/or complaints. I instructed that if she is *not* asserting relief under § 2254, then she must articulate the specific basis on which she seeks relief. (Docket # 4 in Case Nos. 22-CV-561 and 22-CV-562.) While she generally asserts that the First Amendment "guarantees people the right to petition the Government for a redress of grievances," which she argues "[i]n essence [ ] gives the right to reach out for justice beyond State courts" (Docket # 4 at 2 in Case Nos. 22-CV-561 and 22-CV-562), I explained that federal courts are courts of limited jurisdiction and Nicolai must tie her request for relief to something more specific than simply asking this Court to remedy alleged wrongs committed by the state courts.

On June 1, 2022, Nicolai filed responses to the Court's May Order. In Case No. 22-CV-561, Nicolai continues to assert that she is not bringing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket # 6 at 2); rather, she is asking "the judge to order the state of Wisconsin to release me from unlawful custody and clear my record in CCAP and Federal databases" (*id.* at 3). In Case No. 22-CV-562, Nicolai similarly responds that she is not challenging her state court conviction under § 2254, but seeks to "get everything back that was wrongfully taken from me: i.e., my children, my career, my status, my home, and my property." (Docket # 6.) She asks this Court for "reexamination of an action of a lower court." (*Id.*)

4

Case 2:22-cv-00561-BHL   Filed 06/06/22   Page 4 of 6   Document 7

As previously explained, state courts are not "lower courts" to federal district courts—they are different systems and principles of comity must be respected. Federal district courts *do not* serve as general courts of appeals for state courts. Nicolai has been given an opportunity to amend her petition to properly state a claim upon which relief may be granted by this Court. She continues to fail to do so. For this reason, I recommend that both cases be dismissed.

Nicolai also moves to proceed without prepayment of the filing fee. As previously noted, the amount of the filing fee depends on the type of case Nicolai brings. Given the lack of clarity regarding what type of case Nicolai brings, her motion for leave to proceed without prepaying the filing fee is denied.

## ORDER

**NOW, THEREFORE, IT IS RECOMMENDED** that Nicolai's petitions be **DENIED** and the cases **DISMISSED**.

**IT IS ORDERED** that Nicolai's motions for leave to proceed without prepayment of the filing fee (Docket # 2) are **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 6th day of June, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge